CT Corporation

**Service of Process Transmittal**
03/14/2022
CT Log Number 541219436

TO: KIM LUNDY- EMAIL
Walmart Inc.
GLOBAL GOVERNANCE/CENTRAL INTAKE, 2914 SE I STREET MS#0200
BENTONVILLE, AR 72712-3148

RE: **Process Served in Connecticut**

FOR: WALMART INC.  (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Re: TILLINGHAST, JOHN H. // To: WALMART INC. <br> *Name discrepancy noted.* |
| **DOCUMENT(S) SERVED:** | Summons, Attachment(s), Complaint |
| **COURT/AGENCY:** | Windham County - Superior Court, CT <br> Case # None Specified |
| **NATURE OF ACTION:** | Personal Injury - Slip/Trip and Fall - 04/30/2020, Walmart located at 625 School Street, Putnam, CT |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, East Hartford, CT |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 03/14/2022 at 14:55 |
| **JURISDICTION SERVED :** | Connecticut |
| **APPEARANCE OR ANSWER DUE:** | On or before the second day after 04/19/2022 |
| **ATTORNEY(S) / SENDER(S):** | Jayme E. Stamper <br> Law Office of Weiss & Stamper, LLC <br> 133 School Street <br> Danielson, CT 06239 <br> 860-774-4163 |
| **REMARKS:** | The documents received have been modified to reflect the name of the entity being served. |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 03/14/2022, Expected Purge Date: 03/19/2022 <br><br> Image SOP |
| **REGISTERED AGENT ADDRESS:** | C T Corporation System <br> 67 Burnside Ave <br> East Hartford, CT 06108 <br><br> 877-564-7529 <br> MajorAccountTeam2@wolterskluwer.com |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other

 CT Corporation

**Service of Process Transmittal**
03/14/2022
CT Log Number 541219436

**TO:**  KIM LUNDY- EMAIL
Walmart Inc.
GLOBAL GOVERNANCE/CENTRAL INTAKE, 2914 SE I STREET MS#0200
BENTONVILLE, AR 72712-3148

**RE:**  **Process Served in Connecticut**

**FOR:**  WALMART INC.  (Domestic State: DE)

advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.

**SUMMONS - CIVIL**
JD-CV-1    Rev. 2-22
C.G.S. §§ 51-346, 51-347, 51-349, 51-350, 52-45a, 52-48, 52-259;
P.B. §§ 3-1 through 3-21, 8-1, 10-13

For information on ADA accommodations, contact a court clerk or go to: *www.jud.ct.gov/ADA.*

**STATE OF CONNECTICUT**
**SUPERIOR COURT**
*www.jud.ct.gov*



**Instructions are on page 2.**

☐ Select if amount, legal interest, or property in demand, not including interest and costs, is LESS than $2,500.

☒ Select if amount, legal interest, or property in demand, not including interest and costs, is $2,500 or MORE.

☐ Select if claiming other relief in addition to, or in place of, money or damages.

**TO: Any proper officer**

By authority of the State of Connecticut, you are hereby commanded to make due and legal service of this summons and attached complaint.

| Address of court clerk *(Number, street, town and zip code)* | Telephone number of clerk | Return Date *(Must be a Tuesday)* |
|---|---|---|
| 155 Church Street, P.O. Box 191, Putnam, CT 06260 | ( 860 ) 928 – 7749 | 04/19/2022 |

| ☒ Judicial District    ☐ G.A. | At *(City/Town)* | Case type code *(See list on page 2)* |
|---|---|---|
| ☐ Housing Session    ☐ Number: ___ | Putnam | Major: **T**    Minor: **12** |

**For the plaintiff(s) enter the address of:**

| Name and address of attorney, law firm or plaintiff if self-represented *(Number, street, town and zip code)* | Juris number *(if attorney or law firm)* |
|---|---|
| Law Office of Weiss & Stamper, LLC, 133 School Street, Danielson, CT 06239 | 053507 |

| Telephone number | Signature of plaintiff *(if self-represented)* |
|---|---|
| ( 860 ) 774 – 4163 | |

| The attorney or law firm appearing for the plaintiff, or the plaintiff if self-represented, agrees to accept papers (service) electronically in this case under Section 10-13 of the Connecticut Practice Book. | ☒ Yes    ☐ No | E-mail address for delivery of papers under Section 10-13 of the Connecticut Practice Book *(if agreed)*  general@weisslawllc.com |
|---|---|---|

| Parties | Name *(Last, First, Middle Initial)* and address of each party *(Number; street; P.O. Box; town; state; zip; country, if not USA)* | |
|---|---|---|
| **First plaintiff** | Name: TILLINGHAST, JOHN H. | **P-01** |
| | Address: P.O. Box 26, Chepachet, RI 02814-0026 | |
| **Additional plaintiff** | Name: | **P-02** |
| | Address: | |
| **First defendant** | Name: WALMART, INC., 702 SW 8th St., Bentonville, AR 72716, c/o Agent for Service, | **D-01** |
| | Address: C T Corporation System, 67 Burnside Ave., East Hartford, CT 06108-3408 | |
| **Additional defendant** | Name: WAL-MART STORES EAST, LIMITED PARTNERSHIP, 702 SW 8th St., Bentonville, AR 72716 | **D-02** |
| | Address: c/o Agent for Service, C T Corporation System, 67 Burnside Ave., East Hartford, CT 06108-3408 | |
| **Additional defendant** | Name: PUTNAM ACQUISITION LIMITED PARTNERSHIP, 33 Boylston St., Suite 3000, Chestnut Hill, MA 02467 | **D-03** |
| | Address: c/o Agent for Service, C T Corporation System, 67 Burnside Ave., East Hartford, CT 06108-3408 | |
| **Additional defendant** | Name: | **D-04** |
| | Address: | |

| Total number of plaintiffs: 1 | Total number of defendants: 3 | ☐ Form JD-CV-2 attached for additional parties |
|---|---|---|

**Notice to each defendant**

1. **You are being sued.** This is a summons in a lawsuit. The complaint attached states the claims the plaintiff is making against you.
2. To receive further notices, you or your attorney must file an *Appearance* (form JD-CL-12) with the clerk at the address above. Generally, it must be filed on or before the second day after the Return Date. The Return Date is not a hearing date. You do not have to come to court on the Return Date unless you receive a separate notice telling you to appear.
3. If you or your attorney do not file an *Appearance* on time, a default judgment may be entered against you. You can get an *Appearance* form at the court address above, or on-line at https://jud.ct.gov/webforms/.
4. If you believe that you have insurance that may cover the claim being made against you in this lawsuit, you should immediately contact your insurance representative. Other actions you may take are described in the Connecticut Practice Book, which may be found in a superior court law library or on-line at https://www.jud.ct.gov/pb.htm.
5. If you have questions about the summons and complaint, you should talk to an attorney. The court staff is not allowed to give advice on legal matters.

| Date | Signed *(Sign and select proper box)* | ☒ Commissioner of Superior Court | Name of person signing |
|---|---|---|---|
| 02/28/2022 | | ☐ _____ Clerk | Jayme E. Stamper, Esq. |

If this summons is signed by a Clerk:

a. The signing has been done so that the plaintiff(s) will not be denied access to the courts.
b. It is the responsibility of the plaintiff(s) to ensure that service is made in the manner provided by law.
c. The court staff is not permitted to give any legal advice in connection with any lawsuit.
d. The Clerk signing this summons at the request of the plaintiff(s) is not responsible in any way for any errors or omissions in the summons, any allegations contained in the complaint, or the service of the summons or complaint.

For Court Use Only
File Date

ATTEST
A TRUE COPY

Lisa H. Stevenson
CT State Marshal

Docket Number

| I certify I have read and understand the above: | Signed *(Self-represented plaintiff)* | Date |
|---|---|---|
| | | |

Page 1 of 2

**Instructions**

1. *Type or print legibly. If you are a self-represented party, this summons must be signed by a clerk of the court.*
2. *If there is more than one defendant, make a copy of the summons for each additional defendant. Each defendant must receive a copy of this summons. Each copy of the summons must show who signed the summons and when it was signed. If there are more than two plaintiffs or more than four defendants, complete the Civil Summons Continuation of Parties (form JD-CV-2) and attach it to the original and all copies of the summons.*
3. *Attach the summons to the complaint, and attach a copy of the summons to each copy of the complaint. Include a copy of the Civil Summons Continuation of Parties form, if applicable.*
4. *After service has been made by a proper officer, file the original papers and the officer's return of service with the clerk of the court.*
5. *Use this summons for the case type codes shown below.*

   *Do not use this summons for the following actions:*

   (a) *Family matters (for example divorce, child support, custody, parentage, and visitation matters)*
   (b) *Any actions or proceedings in which an attachment, garnishment or replevy is sought*
   (c) *Applications for change of name*
   (d) *Probate appeals*

   (e) *Administrative appeals*
   (f) *Proceedings pertaining to arbitration*
   (g) *Summary Process (Eviction) actions*
   (h) *Entry and Detainer proceedings*
   (i) *Housing Code Enforcement actions*

**Case Type Codes**

| MAJOR DESCRIPTION | CODE Major/Minor | MINOR DESCRIPTION |
|---|---|---|
| Contracts | C 00 | Construction - All other |
| | C 10 | Construction - State and Local |
| | C 20 | Insurance Policy |
| | C 30 | Specific Performance |
| | C 40 | Collections |
| | C 50 | Uninsured/Underinsured Motorist Coverage |
| | C 60 | Uniform Limited Liability Company Act – C.G.S. 34-243 |
| | C 90 | All other |
| Eminent Domain | E 00 | State Highway Condemnation |
| | E 10 | Redevelopment Condemnation |
| | E 20 | Other State or Municipal Agencies |
| | E 30 | Public Utilities & Gas Transmission Companies |
| | E 90 | All other |
| Housing | H 10 | Housing - Return of Security Deposit |
| | H 12 | Housing - Rent and/or Damages |
| | H 40 | Housing - Housing - Audita Querela/Injunction |
| | H 50 | Housing - Administrative Appeal |
| | H 60 | Housing - Municipal Enforcement |
| | H 90 | Housing - All Other |
| Miscellaneous | M 00 | Injunction |
| | M 10 | Receivership |
| | M 15 | Receivership for Abandoned/Blighted Property |
| | M 20 | Mandamus |
| | M 30 | Habeas Corpus (extradition, release from Penal Institution) |
| | M 40 | Arbitration |
| | M 50 | Declaratory Judgment |
| | M 63 | Bar Discipline |
| | M 66 | Department of Labor Unemployment Compensation Enforcement |
| | M 68 | Bar Discipline - Inactive Status |
| | M 70 | Municipal Ordinance and Regulation Enforcement |
| | M 80 | Foreign Civil Judgments - C.G.S. 52-604 & C.G.S. 50a-30 |
| | M 83 | Small Claims Transfer to Regular Docket |
| | M 84 | Foreign Protective Order |
| | M 89 | CHRO Action in the Public Interest - P.A. 19-93 |
| | M 90 | All other |

| MAJOR DESCRIPTION | CODE Major/Minor | MINOR DESCRIPTION |
|---|---|---|
| Property | P 00 | Foreclosure |
| | P 10 | Partition |
| | P 20 | Quiet Title/Discharge of Mortgage or Lien |
| | P 30 | Asset Forfeiture |
| | P 90 | All other |
| Torts (Other than Vehicular) | T 02 | Defective Premises - Private - Snow or Ice |
| | T 03 | Defective Premises - Private - Other |
| | T 11 | Defective Premises - Public - Snow or Ice |
| | T 12 | Defective Premises - Public - Other |
| | T 20 | Products Liability - Other than Vehicular |
| | T 28 | Malpractice - Medical |
| | T 29 | Malpractice - Legal |
| | T 30 | Malpractice - All other |
| | T 40 | Assault and Battery |
| | T 50 | Defamation |
| | T 61 | Animals - Dog |
| | T 69 | Animals - Other |
| | T 70 | False Arrest |
| | T 71 | Fire Damage |
| | T 90 | All other |
| Vehicular Torts | V 01 | Motor Vehicles* - Driver and/or Passenger(s) vs. Driver(s) |
| | V 04 | Motor Vehicles* - Pedestrian vs. Driver |
| | V 05 | Motor Vehicles* - Property Damage only |
| | V 06 | Motor Vehicle* - Products Liability Including Warranty |
| | V 09 | Motor Vehicle* - All other |
| | V 10 | Boats |
| | V 20 | Airplanes |
| | V 30 | Railroads |
| | V 40 | Snowmobiles |
| | V 90 | All other |
| | | *Motor Vehicles include cars, trucks, motorcycles, and motor scooters. |
| Wills, Estates and Trusts | W 10 | Construction of Wills and Trusts |
| | W 90 | All other |

RETURN DATE:  APRIL 19, 2022                    : SUPERIOR COURT

JOHN H. TILLINGHAST                             : J. D. OF WINDHAM

V.                                              : AT PUTNAM

WALMART INC., ET AL                             : FEBRUARY 28, 2022

<u>**COMPLAINT**</u>

<u>**FIRST COUNT:**</u>      **(John H. Tillinghast v. Walmart, Inc.)**

   1.   On April 30, 2020, and at all relevant times mentioned herein, the defendant, Walmart Inc., was and is a business entity organized and existing under the laws of the State of Delaware, and is a registered corporation duly authorized to conduct business within the State of Connecticut.

   2.   At all times hereinafter mentioned, the defendant, Walmart, Inc., was the owner, lessee, or otherwise in possession and control of certain commercial property located at 625 School Street in Putnam, Connecticut, at which place it had for some time operated a retail store where it offered merchandise for sale to members of the general public.

   3.   It was the duty of the defendant, Walmart, Inc., its agents, servants and employees, to exercise ordinary care to maintain these premises in a reasonably safe condition for its customers, including the plaintiff.

4.   At said location, on April 30, 2020, at approximately 10:50 a.m., a rainstorm was occurring or had recently occurred causing the floors to be wet, slippery and dangerous to traverse.

5.   At said location, on April 30, 2020, at approximately 10:50 a.m., the defendant, Walmart, Inc., failed to provide warning signs of any kind to protect the safety of the customers they serve.

6.   On or about April 30, 2020, the Plaintiff, John H. Tillinghast, was an invitee lawfully upon the business premises of Walmart, Inc. located at 625 School Street in Putnam, Connecticut.

7.   On or about April 30, 2020, the Plaintiff, John H. Tillinghast, was walking in the entranceway of said Walmart, Inc., and as he was walking to select a carriage, he was caused to slip and fall on an accumulation of water on the floor causing him to suffer serious and permanent personal injuries and other losses as hereinafter set forth.

8.   At said time and place, there were no warning or caution signs present around the slippery surface where customers such as the Plaintiff were likely to travel.

9.   The Defendant, Walmart, Inc., knew or should have known of this unsafe condition, but failed and/or refused to fix the area or warn its patrons of the unsafe condition.

10. The plaintiff's fall and resulting injuries were caused by the negligence and carelessness of the defendant, Walmart, Inc., its agents, servants and/or employees in one or more of the following respects:

(a) **IN THAT,** the defendant, Walmart, Inc., its agents, employees and/or servants failed to maintain a safe approach to the retail store's entranceway including but not limited to installing "blowers" or any other water removal devices in the vicinity of the entranceway of the property under its care, custody and control.

(b) **IN THAT,** the defendant, Walmart, Inc., its agents, employees and/or servants failed to make proper and reasonable inspection of said premise at the point immediately inside the entranceway of the property under its care, custody and control.

(c) **IN THAT,** the defendant, Walmart, Inc., its agents, employees and/or servants failed to follow generally accepted practices of safe walking surfaces, and permitted the area to be in a dangerous state which represented a danger to persons using the area.

(d) **IN THAT**, although it knew, or should have known of the aforesaid conditions, the defendant, Walmart, Inc., its agents, employees and/or servants failed to warn this plaintiff of the same, although reasonable care dictated that such warning be given.

(e) **IN THAT,** the defendant, Walmart, Inc., its agents, employees and/or servants knew, or in the exercise of reasonable care should have known that the existing conditions on the walkway were likely to cause injury to persons using the same, the defendant negligently and carelessly permitted the walkway to remain in a dangerous and defective condition.

(f) **IN THAT,** although the defendant, Walmart, Inc., its agents, employees and/or servants had notice and knowledge, or with reasonable diligence should have had notice and knowledge of the condition of said premise at the point

immediately inside the entranceway of the property under its care, custody and control, it wholly neglected to remedy said condition as aforesaid.

11. As a result of this occurrence and the negligence and carelessness of the defendant, Walmart, Inc., as aforesaid, the plaintiff fell violently to the ground, and sustained the following injuries, losses and damages all or some of which may be permanent in nature:

(a) Right wrist pain;

(b) Pain and contusion of sacrum and coccyx;

(c) Low back pain and pain of the sacrococcygeal spine;

(d) Closed fracture of right distal radius;

(e) Head pain and severe headache;

(f) Left elbow pain;

(g) Severe emotional and physical pain and suffering; and

(h) Shock and stress to his entire nervous system.

12. As a direct and proximate result of the fall caused by the negligence and carelessness of the defendant, Walmart, Inc., the plaintiff, John H. Tillinghast, was required to undergo a series of x-rays, diagnostic testing, medical treatment, and physical therapy and has suffered, and will suffer into the future, physical and emotional pain, soreness, stiffness and discomfort.

13. As a further result of the negligence and carelessness of the defendant, Walmart, Inc., its agents, servants and/or employees, as aforesaid, the Plaintiff, who was gainfully employed at the time of his fall, was caused to miss considerable periods of time from his work, along with the wages and benefits and loss of earning capacity therefrom, all to his further loss and damage.

14. As a further and continuing result of this occurrence, the plaintiff was caused to expend sums of money for medical care and attention, diagnostic tests, x-rays, and physical therapy and medicines all necessary to his recovery and, upon information and belief, will likely spend additional sums in the future, all to his further and continuing loss and damage.

15. As a further and continuing result of this occurrence, the plaintiff, John H. Tillinghast, was unable and remains unable to participate in and enjoy his usual life activities.

**SECOND COUNT:** **(John H. Tillinghast v. Wal-Mart Stores East, Limited Partnership)**

1. On April 30, 2020, and at all relevant times mentioned herein, the defendant, Wal-Mart Stores East, Limited Partnership, was and is a business entity organized and existing under the laws of the State of Delaware, and is a registered corporation duly authorized to conduct business within the State of Connecticut.

2.  At all times hereinafter mentioned, the defendant, Wal-Mart Stores East, Limited Partnership, was the owner, lessee, or otherwise in possession and control of certain commercial property located at 625 School Street in Putnam, Connecticut, at which place it had for some time operated a retail store where it offered merchandise for sale to members of the general public.

3.  It was the duty of the defendant, Wal-Mart Stores East, Limited Partnership, its agents, servants and employees, to exercise ordinary care to maintain these premises in a reasonably safe condition for its customers, including the plaintiff.

4.  At said location, on April 30, 2020, at approximately 10:50 a.m., a rainstorm was occurring or had recently occurred causing the floors to be wet, slippery and dangerous to traverse.

5.  At said location, on April 30, 2020, at approximately 10:50 a.m., the defendant, Wal-Mart Stores East, Limited Partnership, failed to provide warning signs of any kind to protect the safety of the customers they serve.

6.  On or about April 30, 2020, the Plaintiff, John H. Tillinghast, was an invitee lawfully upon the business premises of Wal-Mart Stores East, Limited Partnership located at 625 School Street in Putnam, Connecticut.

7.  On or about April 30, 2020, the Plaintiff, John H. Tillinghast, was walking in the entranceway of said Wal-Mart Stores East, Limited Partnership, and as he was walking to select a carriage, he was caused to slip and fall on an accumulation of water on the floor causing him to suffer serious and permanent personal injuries and other losses as hereinafter set forth.

8.  At said time and place, there were no warning or caution signs present around the slippery surface where customers such as the Plaintiff were likely to travel.

9.  The Defendant, Wal-Mart Stores East, Limited Partnership, knew or should have known of this unsafe condition, but failed and/or refused to fix the area or warn its patrons of the unsafe condition.

10. The plaintiff's fall and resulting injuries were caused by the negligence and carelessness of the defendant, Wal-Mart Stores East, Limited Partnership, its agents, servants and/or employees in one or more of the following respects:

(a) **IN THAT**, the defendant, Wal-Mart Stores East, Limited Partnership, its agents, employees and/or servants failed to maintain a safe approach to the retail store's entranceway including but not limited to installing "blowers" or any other water removal devices in the vicinity of the entranceway of the property under its care, custody and control.

(b) **IN THAT**, the defendant, Wal-Mart Stores East, Limited Partnership, its agents, employees and/or servants failed to make proper and reasonable inspection of said premise at the point immediately inside the entranceway of the property under its care, custody and control.

(c) **IN THAT**, the defendant, Wal-Mart Stores East, Limited Partnership, its agents, employees and/or servants failed to follow generally accepted practices of safe walking surfaces and permitted the area to be in a dangerous state which represented a danger to persons using the area.

(d) **IN THAT**, although it knew, or should have known of the aforesaid conditions, the defendant, Wal-Mart Stores East, Limited Partnership, its agents, employees and/or servants failed to warn this plaintiff of the same, although reasonable care dictated that such warning be given.

(e) **IN THAT**, the defendant, Wal-Mart Stores East, Limited Partnership, its agents, employees and/or servants knew, or in the exercise of reasonable care should have known that the existing conditions on the walkway were likely to cause injury to persons using the same, the defendant negligently and carelessly permitted the walkway to remain in a dangerous and defective condition.

(f) **IN THAT**, although the defendant, Wal-Mart Stores East, Limited Partnership, its agents, employees and/or servants had notice and knowledge, or with reasonable diligence should have had notice and knowledge of the condition of said premise at the point immediately inside the entranceway of the property under its care, custody and control, it wholly neglected to remedy said condition as aforesaid.

11. As a result of this occurrence and the negligence and carelessness of the defendant, Wal-Mart Stores East, Limited Partnership, as aforesaid, the plaintiff fell violently to the ground, and sustained the following injuries, losses and damages all or some of which may be permanent in nature:

(a) Right wrist pain;

(b) Pain and contusion of sacrum and coccyx;

(c) Low back pain and pain of the sacrococcygeal spine;

(d) Closed fracture of right distal radius;

(e) Head pain and severe headache;

(f) Left elbow pain;

(g) Severe emotional and physical pain and suffering; and

(h) Shock and stress to his entire nervous system.

12. As a direct and proximate result of the fall caused by the negligence and carelessness of the defendant, Wal-Mart Stores East, Limited Partnership, the plaintiff, John H. Tillinghast, was required to undergo a series of x-rays, diagnostic testing, medical treatment, and physical therapy and has suffered, and will suffer into the future, physical and emotional pain, soreness, stiffness and discomfort.

13. As a further result of the negligence and carelessness of the defendant, Wal-Mart Stores East, Limited Partnership, its agents, servants and/or employees, as aforesaid, the Plaintiff, who was gainfully employed at the time of his fall, was caused to miss considerable periods of time from his work, along with the wages and benefits and loss of earning capacity therefrom, all to his further loss and damage.

14. As a further and continuing result of this occurrence, the plaintiff was caused to expend sums of money for medical care and attention, diagnostic tests, x-rays, and

physical therapy and medicines all necessary to his recovery and, upon information and belief, will likely spend additional sums in the future, all to his further and continuing loss and damage.

15. As a further and continuing result of this occurrence, the plaintiff, John H. Tillinghast, was unable and remains unable to participate in and enjoy his usual life activities.

**THIRD COUNT**:     **(John H. Tillinghast v. Putnam Acquisition Limited Partnership)**

1.  On April 30, 2020, and at all relevant times mentioned herein, the defendant, Putnam Acquisition Limited Partnership, was and is a business entity organized and existing under the laws of the State of Delaware, and is a registered corporation duly authorized to conduct business within the State of Connecticut.

2.  At all times hereinafter mentioned, the defendant, Putnam Acquisition Limited Partnership, was the owner, lessee, or otherwise in possession and control of certain commercial property located at 625 School Street in Putnam, Connecticut, at which place it had for some time operated a retail store where it offered merchandise for sale to members of the general public.

3.  It was the duty of the defendant, Putnam Acquisition Limited Partnership, its agents, servants and employees, to exercise ordinary care to maintain these premises in a reasonably safe condition for its customers, including the plaintiff.

4.  At said location, on April 30, 2020, at approximately 10:50 a.m., a rainstorm was occurring or had recently occurred causing the floors to be wet, slippery and dangerous to traverse.

5.  At said location, on April 30, 2020, at approximately 10:50 a.m., the defendant, Putnam Acquisition Limited Partnership, failed to provide warning signs of any kind to protect the safety of the customers they serve.

6.  On or about April 30, 2020, the Plaintiff, John H. Tillinghast, was an invitee lawfully upon the business premises of Putnam Acquisition Limited Partnership located at 625 School Street in Putnam, Connecticut.

7.  On or about April 30, 2020, the Plaintiff, John H. Tillinghast, was walking in the entranceway of said Putnam Acquisition Limited Partnership, and as he was walking to select a carriage, he was caused to slip and fall on an accumulation of water on the floor causing him to suffer serious and permanent personal injuries and other losses as hereinafter set forth.

8.  At said time and place, there were no warning or caution signs present around the slippery surface where customers such as the Plaintiff were likely to travel.

9.  The Defendant, Putnam Acquisition Limited Partnership, knew or should have known of this unsafe condition, but failed and/or refused to fix the area or warn its patrons of the unsafe condition.

10. The plaintiff's fall and resulting injuries were caused by the negligence and carelessness of the defendant, Putnam Acquisition Limited Partnership, its agents, servants and/or employees in one or more of the following respects:

(a) **IN THAT**, the defendant, Putnam Acquisition Limited Partnership, its agents employees and/or servants failed to maintain a safe approach to the retail store's entranceway including but not limited to installing "blowers" or any other water removal devices in the vicinity of the entranceway of the property under its care, custody and control.

(b) **IN THAT**, the defendant, Putnam Acquisition Limited Partnership, its agents, employees and/or servants failed to make proper and reasonable inspection of said premise at the point immediately inside the entranceway of the property under its care, custody and control.

(c) **IN THAT**, the defendant, Putnam Acquisition Limited Partnership, its agents, employees and/or servants failed to follow generally accepted practices of safe walking surfaces and permitted the area to be in a dangerous state which represented a danger to persons using the area.

(d) **IN THAT**, although it knew, or should have known of the aforesaid conditions, the defendant, Putnam Acquisition Limited Partnership, its agents, employees

and/or servants failed to warn this plaintiff of the same, although reasonable care dictated that such warning be given.

(e) **IN THAT**, the defendant, Putnam Acquisition Limited Partnership, its agents, employees and/or servants knew, or in the exercise of reasonable care should have known that the existing conditions on the walkway were likely to cause injury to persons using the same, the defendant negligently and carelessly permitted the walkway to remain in a dangerous and defective condition.

(g) **IN THAT**, although the defendant, Putnam Acquisition Limited Partnership, its agents, employees and/or servants had notice and knowledge, or with reasonable diligence should have had notice and knowledge of the condition of said premise at the point immediately inside the entranceway of the property under its care, custody and control, it wholly neglected to remedy said condition as aforesaid.

11. As a result of this occurrence and the negligence and carelessness of the defendant, Putnam Acquisition Limited Partnership, as aforesaid, the plaintiff fell violently to the ground, and sustained the following injuries, losses and damages all or some of which may be permanent in nature:

(a) Right wrist pain;

(b) Pain and contusion of sacrum and coccyx;

(c) Low back pain and pain of the sacrococcygeal spine;

(d) Closed fracture of right distal radius;

(e) Head pain and severe headache;

(f) Left elbow pain;

(g) Severe emotional and physical pain and suffering; and

(h) Shock and stress to his entire nervous system.

12. As a direct and proximate result of the fall caused by the negligence and carelessness of the defendant, Putnam Acquisition Limited Partnership, the plaintiff, John H. Tillinghast, was required to undergo a series of x-rays, diagnostic testing, medical treatment, and physical therapy and has suffered, and will suffer into the future, physical and emotional pain, soreness, stiffness and discomfort.

13. As a further result of the negligence and carelessness of the defendant, Putnam Acquisition Limited Partnership, its agents, servants and/or employees, as aforesaid, the Plaintiff, who was gainfully employed at the time of his fall, was caused to miss considerable periods of time from his work, along with the wages and benefits and loss of earning capacity therefrom, all to his further loss and damage.

14. As a further and continuing result of this occurrence, the plaintiff was caused to expend sums of money for medical care and attention, diagnostic tests, x-rays, and physical therapy and medicines all necessary to his recovery and, upon information and belief, will likely spend additional sums in the future, all to his further and continuing loss and damage.

15. As a further and continuing result of this occurrence, the plaintiff, John H. Tillinghast, was unable and remains unable to participate in and enjoy his usual life activities.

**WHEREFORE**, the Plaintiff claims:

1. Money Damages

2. Any such other relief, legal or equitable, as the Court deems proper.

> THE PLAINTIFF
> JOHN H. TILLINGHAST:
>
> BY: _____
> Jayme E. Stamper, Esq.
> Weiss & Stamper, LLC
> 133 School Street
> Danielson, CT 06239
> Tel.:  860-774-4163
> Juris No.:  053507

ATTEST:
A TRUE COPY

Lisa H. Stevenson
CT State Marshal
Indifferent Person

LAW OFFICE OF WEISS & STAMPER, LLC
133 School Street, Danielson, CT 06239 ♦ (860) 774-4163

RETURN DATE:  APRIL 19, 2022                    : SUPERIOR COURT

JOHN H. TILLINGHAST                             : J. D. OF WINDHAM

V.                                              : AT PUTNAM

WALMART INC., ET AL                             : FEBRUARY 28, 2022

### STATEMENT OF AMOUNT IN DEMAND

The amount, legal interest or property in demand, is greater than $15,000.00, exclusive of interest and costs.

THE PLAINTIFF
JOHN H. TILLINGHAST:

BY: _____
Jaymé E. Stamper, Esq.
Weiss & Stamper, LLC
133 School Street
Danielson, CT 06239
Tel.  860-774-4163
Juris # 053507

ATTEST:
A TRUE COPY

Lisa H  Stevenson
CT State Marshal
Indifferent Person

LAW OFFICE OF WEISS & STAMPER, LLC
133 School Street, Danielson, CT 06239 ♦ (860) 774-4163